THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John Doe Company No. 1, *et al.*<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>Consumer Financial Protection Bureau<br><br>　　　　　　　Defendant. | Civil Action No. 15-cv-1177 (RDM) |

### PLAINTIFFS' JOINT REPLY IN SUPPORT OF THEIR
### JOINT POST-HEARING SUBMISSION

　　　　The Bureau's response to Plaintiffs' supplemental submission misses the point.  Yes, there are default rules providing that when a party files a complaint or is named as a defendant, his or her name is typically used.  However, the existence of a default rule is not the basis to apply it in all cases.  Indeed, the Bureau's argument taken to its natural conclusion would mean that a court could never engage in the five-factor or six-factor balancing tests for sealing documents or proceeding anonymously.  *See* Hr'g Tr. at 5:20-6:24 (recognizing that in this case both tests result in balancing interests).  Here, that balancing leads to one simple question that this Court has already answered, but one that it posed again at oral argument, and that was reiterated in Plaintiffs' post-hearing submission: can the Bureau identify a legitimate interest the public has in knowing the *identities* of the Plaintiffs?  And, even if the Bureau could identify such an interest—and it cannot—would that interest outweigh the substantial privacy and public interests that counsel in favor of maintaining this action using pseudonyms?   The Bureau answers neither one of these questions, and this Court should not reconsider its original ruling.

　　　　Rather than engaging in the balancing of interests the Court requested from the parties, the Bureau instead focuses on a series of other cases that involve federal agencies, including the

Bureau, being sued by or suing parties who do not proceed pseudonymously. But none of the private parties in the cases that the Bureau cites *actually sought confidential treatment of their identities*.[1] These cases offer no guidance, and, are indeed, irrelevant to the question before the Court. Moreover, these cases are distinguishable from the instant case, where the only issue litigated was whether Plaintiffs' counsel could attend a single investigational hearing in order to protect the attorney-client privilege that belongs to the Plaintiffs. *Cf. Morgan Drexen, Inc. v. CFPB*, 979 F. Supp. 2d 104 (D.D.C. 2013), *aff'd* 785 F.3d 684 (D.C. Cir. 2015) (challenging the constitutionality of Title X of the Dodd-Frank Act); *FTC v. Texaco, Inc.,* 555 F.2d 862 (D.C. Cir.1977) (FTC appealing denial in part of enforcement of administrative subpoenas); *U.S. Commodity Futures Trading Comm'n v. Ekasala,* 62 F. Supp. 3d 88 (D.D.C. 2014) (seeking to enforce administrative subpoena).

Strikingly, the Bureau apparently believes it can identify subjects of investigations as it sees fit, emphasizing that "subjects of investigations ***should have no expectation*** that their identity will not be revealed." ECF No. 26 at 2 (emphasis added). But the Bureau's conclusion flouts *its own regulations*, which clearly say otherwise. *Compare* ECF No. 26 at 3 (opining that "even if the subject of a Bureau investigation could normally expect that its identity would not be publicly disclosed (which they should not)), *with* 12 C.F.R. § 1080.14(b) ("Bureau investigations generally are non-public."), *and* 12 C.F.R. § 1070.4 ("[E]mployees or former employees of the CFPB, or others in possession of a record of the CFPB that the CFPB has not already made public, are prohibited from disclosing such records, without authorization, to any person who is

---

[1] Moreover, all of the Bureau's "examples" of other "federal agenc[y]" cases disclosing names or identities of the subjects of confidential investigations were cases where the agency was enforcing a CID or administrative subpoena. *See* ECF No. 26 at 4. As the Court is well aware, that is not the posture of this proceeding.

not an employee of the CFPB.").[2] Now the Bureau asks the Court to believe that there are absolutely no circumstances under which the subject of a government investigation can challenge agency conduct that deprives that subject of its privileges and rights, without revealing the identity of the subject in the first instance. But this argument plainly ignores well-established law, the Court's Order in this case, which adheres to that law, and the public and privacy interests that must be balanced.[3]

The Bureau's position in this matter presents a quintessential Hobson's choice: permit the Bureau to invade and invalidate fundamental rights or be revealed as a subject of a government investigation. Requiring subjects of Bureau investigations to make such a choice is inherently *against* the public interest. And, the Bureau's response does not even attempt to grapple with the

---

[2] The Bureau's position that subjects of CFPB investigations should not expect that their identities will not be revealed is also in direct contrast with its filings in other courts. In all three of the cases the Bureau cites later *in its response* for the proposition that subjects of investigations become public when the Bureau moves to enforce a CID, the Bureaus' initial filings, in the opening paragraphs, specifically state that the investigations were non-public. *See CFPB v. Stricklin*, No. 1:14-cv-578, *Petition to Enforce Civil Investigative Demand* (C.D. Cal.) (ECF 1 at 1) ("The CID, issued during a nonpublic investigation to determine whether a title company or other persons violated federal law . . . ."); *CFPB v Accrediting Council for Ind. Colleges & Schs.*, No. 1:15-cv-1838, *Petition to Enforce Civil Investigative Demand* (D.D.C.) (ECF No. 1 at 1) ("The CID, issued during a nonpublic investigation to determine if any entity or person has engaged or is engaging in unlawful acts and practices in connection with accrediting for-profit colleges . . . ."); *CFPB v. Great Plains Lending, LLC*, No. 2:14-cv-2090, *Petition to Enforce Civil Investigative Demand*, (C.D. Cal) (ECF No. 1 at 1) ("On June 12, 2012, the Bureau issued the CIDs to Respondents in the course of a non-public investigation of small-dollar online lenders . . . .").

[3] In support of the proposition that it can identify targets with impunity, the Bureau selectively quotes a single press release in which it publically announced that it was "taking direct action" against RushCard. ECF No. 26 at 2 n.2. As the press release reveals, the "direct action" the Bureau *actually* took in that situation was calling the company's CEO to ensure that the company was working to resolve the issue. Nothing in the press release identifies RushCard as a target of a CFPB investigation. Had the press release affirmatively stated the Bureau was investigating RushCard, no doubt the Bureau would have quoted *that* part of the release.

heart of what concerned the Court during oral argument: the proper balancing of Plaintiffs' legitimate privacy interests against the public's interest in knowing the Plaintiffs' identities.

The Bureau's response does not acknowledge the valid interests possessed by the public that support allowing a party to protect its sacrosanct attorney-client privilege without being identified as the subject of a government investigation. It is undeniable that the Plaintiffs' attorney-client communications would have been revealed but for Plaintiffs' suit.[4] Preserving the sanctity of the attorney-client relationship is a bedrock principle that is universally recognized as being in the public's interest. *See, e.g.*, *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). And, the public's interest is obviously served where litigation anonymity fosters challenges to executive action that would otherwise be chilled. *See, e.g.*, *Qualls v. Rumsfeld*, 228 F.R.D. 8, 11 (D.D.C. 2005); *Doe v. Provident Life & Acc. Ins. Co.*, 176 F.R.D. 464, 467 (E.D. Pa. 1997). The Bureau does not challenge these principles. Instead, the Bureau asserts only generalized propositions that *all* litigants *must* reveal their identities pursuant to the Federal Rules of Civil Procedure, this Court's local rules, and Bureau policy governing when the *Bureau* can disclose the identity of litigants. Such a position inherently conflicts with the balancing test that is the law in this Circuit and others.

There is simply no basis for this Court to reconsider its original decision in this matter. The Bureau has offered no reason to depart from the reasoned balancing previously done by the Court. The Court struck the appropriate balance between the public's minimal interest in learning Plaintiffs' *identities* and the abundance of public and privacy interests that counsel strongly against revealing the identity of Plaintiffs. Accordingly, this Court should reject the

---

[4] Throughout the course of the July 23, 2015 hearing before this Court, the Bureau repeatedly asked the parties' former attorney questions that impermissibly encroached into the attorney client relationship.

Bureau's belated attempts to re-litigate this issue and should deny the Bureau's Motion for Reconsideration.

Dated: May 5, 2016

Respectfully submitted,

By:   */s/ Allyson B. Baker*_____
Allyson B. Baker (# 478073)
Venable, LLP
575 7th Street, NW
Washington, DC 20004
202-344-4073 Telephone
202-344-8300 Facsimile
abbaker@venable.com

*Counsel for John Doe Corporation Nos. 1-3*

By:   */s/ Richard L. Scheff*_____
Richard L. Scheff (# PA0023)
Montgomery McCracken Walker
& Rhoads LLP
123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109
215-772-7502 Telephone
215-731-3922 Facsimile
rscheff@mmwr.com

*Counsel for John Doe Corporation Nos. 4 and 5, and John Doe No. 1*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 5, 2016, I caused the foregoing to be filed with the Clerk of the Court via the CM/ECF system which thereby served the same on all counsel of record.

/s/ Allyson B. Baker
Allyson B. Baker
